.egon
.nds to AO 241
.on for a Writ of Habeas Corpus Under 28 U.S.C. § 2254          FILED 8 MAY '23 10:27USDC-ORP
.ev. 1/20)

Page 2 of 10

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
### BY A PERSON IN STATE CUSTODY

| United States District Court | District of Oregon | |
|---|---|---|
| Name (under which you were convicted): Cresencio Garcia-Rocio | | Docket or Case No.: 2:23-CV-676-MC |
| Place of Confinement: Eastern Oregon Correctional Institu | | Prisoner (SID) No.: 7579457 |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) | |
| Cresencio Garcia-Rocio     v.   David Pedro | | |
| The Attorney General of the State: of Oregon Ellen F. Rosenblum | | |

### CONVICTION UNDER ATTACK

1. Name and location of court that entered the judgment of conviction you are challenging:

   Washington County Circuit Court

2. Criminal docket or case number (if known): C122303CR and C131573CR

3. (a) Date of judgment of conviction (if known): April 10th, 2014

   (b) Date of sentence: ~~240 Months~~ December 2nd, 2013

4. Length of sentence: 240 Months  20 Years

5. Identify all crimes for which you were convicted and sentenced in this case:
   Rape in the first degree; sexual Abuse in the first Degree (5 counts); Unlawful sexual Penetration in the first degree (2 counts)

6. What was your plea? (Check one)

   ☒ Not Guilty            ☐ Guilty

   ☐ Nolo Contendere (No Contest)    ☐ Insanity Plea

   If you entered a guilty plea(s), list what crimes you pleaded guilty to, and what crimes you did not plead guilty to:

   N/A

7. If you pleaded not guilty, what kind of trial did you have? (Check one)

   ☒ Jury          ☐ Judge Only

8. Did you testify at trial?

   ☐ Yes          ☒ No

#102549                                                      Form 39.060

District of Oregon
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 3 of 10

## EXHAUSTION OF STATE REMEDIES

### *DIRECT APPEAL*

9. Did you directly appeal from the judgment of conviction?

    ☒ Yes    ☐ No

   a. Name of court: Oregon Court of Appeals
   b. Docket or case number (if known): A156847 and A156848
   c. Result: Remanded for Resentencing otherwise Affirmed
   d. Date of result and citation (if known): State v Garcia-Rocio 287 Or. APP. 745, 403 P.3d 470 (Or. APP. 2017) September 13, 2017
   e. Grounds raised:

   Court's admission of vouching statements;
   Failure to grant curative instruction;
   Failure to grant mistrial for those statements;
   Court's non-unanimous jury instruction;
   Court accepting non-unanimous jury verdict.
   Sentences for Counts 1 and 2 exceeded statutory max.

10. Did you seek further review of the decision on appeal by a higher state court?

    ☒ Yes    ☐ No

    a. Name of court: Oregon Supreme Court
    b. Docket or case number (if known): S065357
    c. Result: Review Denied
    d. Date of result and citation (if known): January 18th 2018, 362 Or. 389, 411 P3d 385 (table)
    e. Grounds raised:

    Court's admission of vouching statements;
    Failure to grant defense's mistrial motion;
    Failure to grant curative instruction;
    Court's non-unanimous jury instruction;
    Court accepting non-unanimous jury verdict

11. Did you file a petition for certiorari in the United States Supreme Court?

    ☐ Yes    ☒ No

Form 39.060

District of Oregon
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 4 of 10

a. Docket or case number (if known): N/A

b. Result: N/A

c. Date of result and citation (if known): N/A

d. Grounds raised:

N/A

12. If you did not directly appeal from the judgment of conviction, explain briefly why you did not:

N/A

## POST-CONVICTION RELIEF

13. Did you file a petition for state post-conviction relief?

   ☒ Yes   ☐ No

   a. Name of court: Umatilla County Circuit Court

   b. Docket or case number (if known): 18 cv 58898

   c. Nature of proceeding: Post-Conviction Petition

   d. Did you receive an evidentiary hearing?

   ☒ Yes   ☐ No

   e. Result: Relief Denied After a trial / Dismissed w/prejudice

   f. Date of result and citation or case number (if known): 1/12/2021

   g. Grounds raised:
      1. Ineffective assistance of counsel / failed to file a motion to dismiss based on statute of limitation.
      2. Ineffective assistance of counsel counsel failed to move the court to give unanimous jury instructions
      3. Trial counsel failed to file a motion to recuse Judge Rick Knapp.

14. Did you appeal the result of your state post-conviction case?

   ☒ Yes   ☐ No

Form 39.060

District of Oregon

Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 5 of 10

    a. Name of court: Court of Appeals of the State of Oregon

    b. Docket or case number (if known): A175452

    c. Result: Affirmed. Smith v. Kelly, 318 Or App 567, ___ P3d ___ (2022). ~~319 Or App 679~~

    d. Date of result and citation (if known): May 18, 2022 State v. Garcia-Rocio 319 Or. App. 694

    e. Grounds raised: Ineffective assistance of counsel. Counsel failed to move the court to give unanimous jury instruction.

15. Did you seek further review of the decision on appeal by a higher state court?

    ☒ Yes      ☐ No

    a. Name of court: Oregon Supreme Court

    b. Docket or case number (if known): S069630

    c. Result: Review Denied

    d. Date of result and citation (if known): March 9, 2023, 370 Or. 822, 2023 WL 2604121 (table)

    e. Grounds raised: Ineffective assistance of counsel, failed to move the court to give unanimous jury instruction.

16. If you did not appeal from the adverse decision in your state post-conviction case, explain briefly why you did not:

N/A

### GROUNDS FOR RELIEF

17. For this petition, state *concisely* every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: In order to proceed in the federal court, normally you must exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

For your information, the following is a list (a-j) of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise grounds other than those listed.

Form 39.060

District of Oregon

Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 6 of 10

a. Conviction obtained by plea of guilty that was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
b. Conviction obtained by use of coerced confession.
c. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
d. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
e. Conviction obtained by a violation of the privilege against self-incrimination.
f. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
g. Conviction obtained by a violation of the protection against double jeopardy.
h. Conviction obtained by action of a grand or petit jury that was unconstitutionally selected and impaneled.
i. Denial of effective assistance of counsel at trial or on appeal.
j. Denial of right of appeal.

A. **Ground One:**
Violation of the 5th and 14th Amendments' Due Process Clause and violation of the Sixth Amendment's Right to a Fair Trial

Supporting FACTS (state *briefly* without citing cases or law):
See Attachment at "A"

B. **Ground Two:**
Violation of the 5th, 6th and 14th amendments to the US Constitution when a fair trial was denied and violating the Due Process Clause Denying Petitioner of his Constitutional Rights guaranteed by the above mentioned amendments.

Supporting FACTS (state *briefly* without citing cases or law):
See Attachment At "B"

Form 39.060

### A. Supporting Facts.

The trial court erred by allowing into evidence the comments of a detective.

The detective's comments in the video tape interview were improper vouching evidence and comments on the defendant's credibility and on the alleged victim's credibility.

The detective's statements directly indicate that he believed that the defendant was lying to him when making denials of abuse during the interrogation, thus not allowing the jury to draw its own conclusion regarding who is being truthful in this situation.

The defense objected to the admission of vouching evidence as unlawful and unconstitutional.

Ultimately the court overruled all these objections.

The vouching evidence was central to, and probative of, the prosecution's theory of the case.

There is no physical evidence of rape or abuse. Instead this case was a credibility contest between the victim's assertions of abuse and defendant's denials of abuse.

The vouching evidence benefited the prosecution on both fronts: it impermissibly bolstered the victim's accusations and undercut defendant's denials. Accordingly, the victim's credibility and defendant's denials were unquestionably the most important issues in the resolution of this case.

Because the witness' credibility was the principal issue, the error cannot be harmless.

Petitioner incorporates the appellate brief in support of all his claims. Petitioner needs the assistance of counsel to amend the petition to present his claims properly before this court.

### B. Supporting Facts.

The trial court erred in refusing to grant a mistrial or to provide a timely and sufficient curative instruction.

The trial court did provide a curative instruction at the end of the trial during the jury instructions:

"[THE COURT:] statements that were made by Detective Chuck Anderson to the defendant, Cresencio Garcia-Rocio, during the video-recorded interview are not to be considered for their truth. Additionally, such statements should not be considered comments upon the credibility of any person of witness." Tr 505.

However, a curative instruction must both be sufficient and timely.

In this case that instruction was both insufficient and untimely.

**First**, it was insufficient, because it did not instruct the jury to disregard the testimony when deciding the case. If the statements are not to be considered as evidence of the defendant's and the victim's respective credibility, it is completely unclear for what purpose the statements would be relevant.

By not striking the statements, the trial court left the statements in the record and there is more than a little likelihood that the jury gave them some effect.

**Second**, the curative statement was untimely. The court gave the instruction at the end of the trial during the general jury instructions. By doing so, the jury was allowed to marinate in the impermissible vouching evidence and, as such, impermissible couching was allowed to pass by [and] then it is too late for the trial judge to caution the jury and amend the harm.

A general instruction given by the trial court at the conclusion of a criminal trial was not effective to cure the unfair prejudice created by improper statements by the prosecutor.

The vouching statements admitted here were so numerous and so flagrant that this court should regard the impermissible vouching here as a set of errors that could not be remedied by any curative instruction.

A motion for mistrial is appropriate if, during trial, an event occurs that is prejudicial to either party.

A motion for mistrial should be granted when it is apparent that the challenged aspect of the conduct of the trial has interfered with a defendant's ability to obtain a fair adjudication of the facts.

Petitioner incorporates the appellate brief in support of all his claims. Petitioner needs the assistance of counsel to amend the petition to present his claims properly before this court.

Cresencio Garcia-Rocio   SID 7579457                                Federal Habeas Grounds for Relief

C. **Ground Three:**
Violation of petitioner's constitutional right to a fair trial guaranteed by the sixth amendment to the US constitution and denial of due process guaranteed by the 5th and 14th amendments to the US constitution

**Supporting FACTS** (state *briefly* without citing cases or law):
- The court erred when it instructed the jury that it could find defendant guilty on less than a unanimous verdict.
- Petitioner was convicted of 5 crimes by a non-unanimous jury verdict
- non-unanimous instruction places the burden on the defendant.

D. **Ground Four:**
ineffective assistance of counsel violating petitioner's rights guaranteed by the 6th and 14th amendments to the US constitution

**Supporting FACTS** (state *briefly* without citing cases or law):
The U.S. Supreme court has held that a conviction by a non-unanimous verdict is unconstitutional. Petitioner was convicted of 5 crimes by a non-unanimous verdict. Trial counsel failed to object to a non-unanimous jury instruction and failed to preserve an argument that the non-unanimous jury instruction violated the U.S. Constitution

## OTHER INFORMATION

18. Please answer these additional questions about the petition you are filing:

   a. Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

   ☑ Yes        ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   N/A

District of Oregon
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 8 of 10

b. Is there any ground in this petition that has not been presented in some state or federal court? If so, indicate which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

19. Do you have any petition or appeal now pending (filed and not decided yet) in any court, state or federal, for the judgment you are challenging here?

☒ Yes    ☐ No

If the answer is "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:

Successive Post-conviction Petition with The Umatilla County Circuit Court, making "Ramos Claim" for non-unanimous verdict on 5 counts. Petitioner Requests that this court stay this proceeding pending the resolution of the successive post conviction petition 23CV08870.

20. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

a. At preliminary hearing:

b. At arraignment and plea:

c. At trial:
Ramon A. Pagan #103072 and associate, Emily Elison #103800

d. At sentencing:
Ramon A Pagan #103072 and associate Emily Elison #103800

e. On appeal:
Kenneth A. Kreuscher #066189
1130 SW Morrison, Ste 407 Portland OR 97205

f. In any post-conviction proceeding:
Jason Weber OSB #054109 1500 SW First Avenue, Suite 1090 Portland, OR 97201

Form 39.060

District of Oregon

Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 9 of 10

g. On appeal from any adverse ruling in a post-conviction proceeding:
_Jedediah Peterson #084425-1500 SW_
_First Avenue, suite 1090 Portland, OR 97201_

21. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

    ☐ Yes    ☒ No

    a. If yes, in what court was the prior action filed? _N/A_

    b. What was the prior case number? _N/A_

    c. Was the prior action: ☐ Decided on the merits, or

       ☐ Dismissed on procedural grounds

    d. Date of decision: _N/A_

    e. Are there any issues in this petition raised in the prior petition?

       ☐ Yes    ☐ No

    f. If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this successive petition?

       ☐ Yes*    ☐ No

       *If the answer is "Yes," you *must* attach a copy of the order received from the Ninth Circuit Court of Appeals.

22. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    ☐ Yes    ☒ No

    a. If so, give the name and location of the court that imposed the sentence to be served in the future: _N/A_

    b. Give the date and length of sentence to be served in the future: _N/A_

    c. Have you filed, or do you contemplate filing, any petition attacking the judgment that imposed the sentence to be served in the future?

       ☐ Yes    ☐ No

Form 39.060

District of Oregon

Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 10 of 10

23. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition:

*The Petition is being timely filed.*

24. Date you are mailing (or handing to correctional officer for mailing) this petition to the Court:*

*May second, 2023*

WHEREFORE, petitioner prays that the Court will grant such relief to which he or she may be entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

_____
Signature of Attorney (if any)

### DECLARATION UNDER PENALTY OF PERJURY

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

5-2-23
Date

*Cresencio Galvan Rocio*
Signature of Petitioner

---

* As noted in the instructions to this form (at #8), if you are incarcerated at Snake River Correctional Institution (SRCI) or Two Rivers Correctional Institution (TRCI), you must comply with the requirements of the E-Filing Program posted at the institution and set forth in Standing Order 2019-7 (for SRCI) or 2019-12 (for TRCI). Accordingly, you must submit your filings in this case to prison staff for scanning and electronic submission, instead of mailing the filing using the U.S. Postal Service. Please indicate the date you submitted this petition to prison staff for scanning and electronic submission.

Form 39.060